Filed 9/15/15  P. v. Jones CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063317 |
| v. | (Super.Ct.No. HEF001922) |
| DENO ANTHONY JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Deno Anthony Jones appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We find no error and affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

In 1998, defendant separated from his wife, who lived in Redlands, and moved in with his girlfriend Cynthia and her five children, who lived in Idyllwild.[3]

On August 23, 1998, an unidentified woman was doing laundry at the same coin laundry that Cynthia was using when the woman realized that her laundry was missing. When asked, defendant and Cynthia denied knowing where the missing laundry was. However, a check of defendant's and Cynthia's laundry baskets revealed that the missing laundry had been placed in one of their baskets.  The woman retrieved her laundry and went to her place of business, where she discovered several items still missing.  She then returned to the laundry with another person.

The woman accused Cynthia of stealing her laundry and threatened to call the police if the missing items were not returned.  Defendant told Cynthia to "just find her

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The factual background is from this court's nonpublished opinion in defendant's prior appeal, case No. E027284 (*People v. Jones* (Feb. 21, 2001, E027284) [nonpub. opn.] (*Jones I*).)  The factual background from the prior unpublished opinion was taken from the probation officer's report.

[3]  The children's names are not given in the probation report.

shit so she can get out of here." Cynthia denied having the missing laundry. Defendant then became agitated and started screaming at the children as he searched for the missing laundry. The woman left to call the police.

Upon her return, the woman and her companion saw defendant choking Cynthia's 11-year-old child, telling the child, " 'You're stupid; causing me this shit.' " The woman told defendant to let go of the child. The woman and the other patrons in the laundry were fearful of defendant as he ranted at the children. Defendant attempted to buy off the woman by offering her a $100 bill.

After the police arrived, defendant was taken into custody. A further investigation was then undertaken based on one of the children's statements to a social worker that defendant had sexually molested her. Interviews with the five children disclosed that defendant had physically abused them and their mother repeatedly. One of Cynthia's daughters also told the investigating officers that defendant had molested her at least twice, once when her mother was at the store and once when the girl was home sick.

Following an interview with Cynthia at a battered woman's shelter, Cynthia took the officers to their home in Idyllwild to recover a fork used by defendant to assault her. Cynthia also gave the officers a small plastic baggie containing 6.3 grams of methamphetamine which she took from defendant. Cynthia also told the officers that defendant was staying in Redlands, where he was subsequently found at his wife's place and re-arrested. Defendant's wife told the officers that defendant had also physically abused her in the past.

As part of the investigation, the officers additionally obtained defendant's reporting forms and noted that defendant had acknowledged on the registration forms both that he was required to re-register within five days of changing residences and that this was a lifetime requirement. After defendant waived his *Miranda*[4] rights, he told officers that he was aware of the registration requirement. He also admitted to the probation officer that he had failed to re-register as required.

In an amended information filed by the Riverside County District Attorney's office on March 23, 1999, defendant was charged with inflicting injury on a cohabitant (§ 273.5, subd. (a)) (count I); making threats of great bodily injury or death (§ 422) (count II); assault with a deadly weapon other than a firearm, to wit, a knife (§ 245, subd. (a)) (count III); committing a lewd and lascivious act on a child under the age of 14 (§ 228, subd. (a)) (count IV); and willful failure to register as a sex offender (§ 290, subd. (g)(2)) (count V). The information further alleged that defendant had four prior strike convictions within the meaning of section 667, subdivisions (c) and (e), and section 1170.12, subdivision (c).

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

On September 13, 1999, as part of a plea bargain, defendant pleaded guilty to failing to register as a sex offender (§ 290) and admitted the truth of the four prior strike conviction allegations (§§ 667, subds. (c) & (e); 1170.12, subd. (c)). Defendant also acknowledged a possible 25-years-to-life sentence pursuant to the "Three Strikes" law. In return, the People agreed to dismiss counts I through IV.

On November 19, 1999, defendant was sentenced to state prison for 25 years to life.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act of 2012 (the Reform Act). Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the Three Strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

On February 26, 2014, defendant filed a petition seeking resentencing pursuant to section 1170.126.

On October 15, 2014, the People filed a written opposition, arguing the petition would violate the terms of defendant's plea agreement and that defendant still posed an unreasonable risk of danger to public safety. The People's opposition pointed out the circumstances of defendant's prior strike convictions, including his prior conviction for

forcible rape, his criminal history, and his conduct while in prison. The People pointed out that defendant was arrested in May 1984 for pimping a 13-year-old girl, keeping the girl's money, abusing her, and forcibly raping her anally. The People further noted defendant's abhorrent behavior while in prison from September 20, 2000 until October 24, 2013, which included numerous violations for exposing his penis to nurses, masturbating in front of staff and correctional officers, fighting with inmates, spitting on a psychologist, biting a guard, and refusing to obey orders.

The trial court heard defendant's petition on March 2, 2015. At that time, the court took judicial notice of defendant's conviction for forcible rape in case No. CR22315, and denied defendant's petition, finding him ineligible for resentencing under the Reform Act due to that conviction.

Defendant filed a timely notice of appeal on April 9, 2015.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

6

As previously stated, on November 6, 2012, the voters approved Proposition 36, the Reform Act, which amended sections 667 and 1170.12 and added section 1170.126. The Reform Act changes the requirements to sentence a third strike offender to 25 years to life in prison. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).) Under the Three Strikes law as it existed prior to the Reform Act (former §§ 667, subds. (b)-(i); 1170.12), a defendant who had previously been convicted of two or more serious or violent felonies was subject to an indeterminate sentence of 25 years to life upon his or her conviction of any new felony. The Reform Act changed the Three Strikes law by reserving indeterminate life sentences for cases where the new offense is also a serious or violent felony, unless the prosecution pleads and proves an enumerated disqualifying factor. In all other cases, a recidivist defendant will be sentenced as a second strike offender, rather than a third strike offender. (*Yearwood*, at pp. 167-168, citing §§ 667, 1170.12; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286.)

The Reform Act also created a "post-conviction release proceeding" whereby a three strikes prisoner who is serving an "indeterminate life sentence" for a crime that was not a serious or violent felony—and who is not otherwise disqualified—may have his or her sentence recalled and be resentenced as a second strike offender, unless the court "determines that resentencing . . . would pose an unreasonable risk of danger to public safety." (§ 1170.126, subds. (a), (f), (m); *Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

As the court explained in *Yearwood,* a "prisoner is eligible for resentencing as a second strike offender if all of the following are shown:  (1) the prisoner is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C); and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667, subdivision (e)(2)(C) or clause (iv) of section 1170.12, subdivision (c)(2)(C)." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170, citing § 1170.126, subd. (e).)  If the prisoner satisfies these criteria, "the prisoner shall be resentenced as a second strike offender 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'  (§ 1170.126, subd. (f).)" (*Yearwood*, at p. 170.)  Among the felonies which render a defendant ineligible for relief is forcible rape.  (§ 1170.12, subd. (c)(2)(C)(iv)(I) [rape].)  Defendant was charged with, and admitted to having suffered four prior felony strike convictions, including forcible rape.  Accordingly, as the trial court which ruled on defendant's Proposition 36 petition found, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (f).

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The order denying defendant's Proposition 36 request to recall his sentence and to be resentenced is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


CODRINGTON
J.